UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Dale Dwayne Greer,

            Petitioner,

vs.                             REPORT AND RECOMMENDATION

State of Minnesota,

            Respondent.        Civ. No. 08-4745 (JRT/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petitioner's Motion to Amend his Petition for Writ of Habeas Corpus.

For reasons which follow, we recommend that the Petitioner's Motion to Amend be granted, and that the Petition for Writ of Habeas Corpus be summarily dismissed, but without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts, which provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## II. Factual and Procedural Background

In 2004, the Petitioner was convicted by a Minnesota State Court Jury of being a felon in possession of a firearm. See, Petition, Docket No. 1, at p. 3. He was sentenced to 120 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility, in Stillwater, Minnesota. Id.

After the Petitioner was convicted and sentenced, he filed a direct appeal in the Minnesota Court of Appeals, in which the Petitioner, through his counsel, raised three (3) grounds for relief: 1) that his constitutional right to a speedy Trial had been violated; 2) that the Trial Court abused its discretion by "ruling that should he choose to testify, the state could introduce evidence of six prior convictions for impeachment purposes"; and 3) that the Trial Court had "neither inherent nor statutory authority to bifurcate the proceedings after the verdict and to ask the jury to make a separate factual determination as to whether he is a 'danger to public safety,' for the purpose of deciding the propriety of an enhanced sentence * * *." State v. Greer ("Greer I"), 2006 WL 1704059 at *2, *3, *6 (Minn. App., June 20, 2006), vacated in part, (Minn., December 12, 2006).

In addition, the Petitioner submitted a pro se brief, in which he asserted a claim for ineffective assistance of Trial counsel. Id. at *10. The Minnesota Court of Appeals affirmed the Petitioner's conviction, but concluded that the Trial Court "erred by imposing an enhanced sentence * * * and by resting that departure on the additional question submitted to the jury in the sentencing phase." Id. at *10. The Court rejected the remainder of the Petitioner's claims on the merits, including his claim for ineffective assistance of counsel, and remanded the Petitioner's case solely for re-sentencing. Id.

By Order dated August 23, 2006, the Minnesota Supreme Court denied the Petitioner's request for further review, but granted the State's cross-Petition for Further Review, and stayed the proceedings, pending its decision in State v. Kendell, 723 N.W.2d 597, 610 (Minn. 2006). See, State v. Greer ("Greer II"), 2007 WL 1598680 at *9 (Minn. App., June 5, 2007), rev. denied (Minn., August 7, 2007); see also, State's Second Appendix, Docket No. 14, at p. 26. Thereafter, the Minnesota Supreme Court vacated that portion of the Minnesota Court of Appeals' decision, in Greer I, which had addressed the Trial Court's "inherent authority to submit a factual sentencing question to the jury," and remanded the case for reconsideration in light

of both <u>State v. Kendell</u>, supra, and <u>State v. Chauvin</u>, 723 N.W.2d 20, 29 (Minn. 2006).  <u>Id.</u> at *1.

Following remand, on June 5, 2007, the Minnesota Court of Appeals issued its decision, which read in pertinent part as follows:

> The supreme court in Chauvin held that the district court has inherent judicial authority to sentence a defendant in accord with Blakely by submitting a sentencing question to a jury.  723 N.W.2d at 29.  In Kendell, the supreme court applied this holding to a case in which the district court, based on special interrogatories submitted to the jury, imposed a departure under the dangerous-offender statute.  State v. Kendall, 723 N.W.2d 597, 609-10 (Minn. 2006).
>
> Greer concedes that under Chauvin and Kendell the district court had inherent authority to present the sentencing issue to a jury.  But he challenges the trial court's failure to define "danger to public safety," the critical term in the dangerous-offender statute, for the jury.  We will not address the merits of this challenge.
>
> As the state points out, Greer did not request further instructions by the district court to define "danger to public safety."  This issue also was not raised in his initial brief, nor is it part of the remand ordered by the supreme court.  An issue that is not briefed is considered waived.

<u>Id.</u> at *1-2.

On August 7, 2007, the Minnesota Supreme Court denied further review, and the Petitioner did not file a Petition for Writ of Certiorari with the United States Supreme

Court.  See, <u>Petition</u>, supra at pp. 3-6, 10.  The Petitioner also did not pursue any further post-conviction relief in the State Courts.  <u>Id.</u> at p. 6.

In his current Habeas Corpus Petition, which was filed on July 21, 2008, the Petitioner asserts only that the Jury "was without authority to make the finding of petitioner being a danger to public safety," for purposes of imposing an enhanced sentence.  <u>Id.</u> at p. 5.  However, in his supporting memorandum, the Petitioner asserts two (2) grounds for relief:  1) that the Trial Court erred when it failed to define the term "danger to public safety" in the Jury instructions; and 2) that the Trial Court did not have the inherent authority to present the sentencing issue to the Jury.  See, <u>Petitioner's Memorandum in Support</u>, <u>Docket No. 2</u>, at pp. 2, 4.

On August 15, 2008, the State filed its Response, in which it asks that we dismiss the Petition, based upon its contention that the Petitioner's claims are procedurally barred.  See, <u>State's Response</u>, <u>Docket No. 10</u>; <u>State's Memorandum in Opposition</u>, <u>Docket No. 11</u>, at 8.  Thereafter, on September 10, 2008, the Petitioner filed a Motion to Amend his Petition, in order to add claims for ineffective assistance of Trial counsel, and for ineffective assistance of appellate counsel.  See, <u>Petitioner's Motion to Amend</u>, <u>Docket No. 19</u>; <u>Petitioner's Reply Memorandum</u>, <u>Docket No. 20</u>, at p. 3.

As we have noted, during the Petitioner's direct appeal, the Minnesota Court of Appeals considered, and rejected, a claim for ineffective assistance of Trial counsel. However, we find that at least one (1) of the Petitioner's proposed grounds for relief has not yet been fairly presented to, and decided on the merits by, the Minnesota State Courts. As a consequence, we recommend that the Petitioner's Motion to Amend be granted, and that this action be dismissed, but without prejudice, due to the non-exhaustion of State Court remedies. As a further part of our Recommendation, in the alternative, the Petitioner should be allowed to drop the unexhausted ineffective assistance of appellate counsel claim, in order to pursue that in the State Courts, while proceeding with his additional, exhausted ineffective assistance of Trial counsel claim. Should the Petitioner follow the latter approach, then he should be allowed to brief that claim, and the Respondent should be allowed to file a Responsive Memorandum.

### III.  Discussion

A.  <u>Standard of Review</u>.  It is well-established that a Federal Court will not entertain a Petition for a Writ of Habeas Corpus on behalf of a State prisoner unless the prisoner has first exhausted all available State Court remedies. See, <u>Title 28 U.S.C. §2254(b)</u>; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982); see also, <u>Armstrong v. State of Iowa</u>, 418 F.3d 924, 925-26

(8th Cir. 2005), cert. denied, 546 U.S. 1179 (2006)("Federal habeas relief is available to a petitioner after he 'has exhausted the remedies available in the courts of the State.'"), quoting Title 18 U.S.C. §2254(b)(1)(A). The exhaustion of State remedies requirement is based on principles of comity and federalism, as its purpose is to ensure that the State Courts are given the first opportunity to correct alleged Federal constitutional errors that have been raised by State prisoners. See, O'Sullivan v. Boerckel, supra at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Rose v. Lundy, supra at 518-19; Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 855 (8th Cir. 2003), cert. denied, 540 U.S. 1060 (2003)("The exhaustion requirement serves AEDPA's goal of promoting 'comity, finality, and federalism,' by giving state courts 'the first opportunity to review [the] claim,' and to 'correct' any 'constitutional violation in the first instance.'"), quoting Carey v. Saffold, 536 U.S. 214, 220 (2002).

    In order to exhaust his State Court remedies, a prisoner must fairly present his Federal constitutional claims to the highest available State Court before seeking relief in Federal Court. See, O'Sullivan v. Boerckel, supra at 845; Duncan v. Henry, supra at 365-66; see also, Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997)("[B]efore we may reach the merits of a

habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court.").

The exhaustion of State remedies requires more than the fact that the Federal Habeas applicant has been through the State Courts. See, Picard v. Connor, 404 U.S. 270, 275 (1971). To serve the purposes of exhaustion, the State Courts must have the first opportunity to hear the claim that is sought to be vindicated in a Federal Habeas proceeding. Id. at 275-76. The State Courts have an opportunity to hear a claim when the claim has been fairly presented, by reference to a specific Federal constitutional right, a Federal case, or a State case, which raises a pertinent Federal constitutional issue. See, Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005), cert. denied, 546 U.S. 844 (2005); Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999), cert. denied, 528 U.S. 846 (1999); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996). Claims are exhausted only when the same factual underpinnings, and legal theories, were first properly raised in the State Courts. Id. "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." Id., quoting Abdullah v. Groose, supra at 412, citing in turn Duncan v. Henry, supra at 366.

Finally, but most critically here, a State prisoner must exhaust his State Court remedies for **all** of the claims that he seeks to raise in a Federal Habeas Corpus Petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. See, Rose v. Lundy, supra at 510, 522.

B.  Legal Analysis. Here, it is readily apparent that the Petitioner has not exhausted his State Court remedies, because at least one (1) of his proposed claims for relief -- for ineffective assistance of appellate counsel -- has never been presented to any Minnesota State Court. Since the Petitioner has not fairly presented **all** of his current claims for relief to the State Courts, he has not satisfied the requirement that he exhaust his State Court remedies.

In his direct appeal, the Petitioner argued that his attorney "(1) refused to call Carolyn Greer, Greer's ex-wife, as a witness, and (2) refused to investigate statements made by Danyel Anderson to defense counsel before trial recanting her July 26, 2004 assertion to the police that Greer had threatened her with a handgun." Greer I, supra at *10. The Minnesota Court of Appeals rejected this claim on the merits, and concluded that such tactical decisions were "well within defense counsel's strategic discretion." Id. at *11.

In support of his Motion to Amend the Petition as to the ineffectiveness of his Trial counsel, the Petitioner alleges as follows:

> Trial attorney failure to call victim / witness was deficient performance. * * * By trial attorney, Robert Paule's own admission, Carolyn Greer and Danyel Anderson offered to give a statement as to Mr. Greer's innocence, which counsel declined to make an investigation of, instead warning Anderson against incriminating herself. This was not proper conduct, nor vigorous representation by counsel acting in the best interest of a client. Statements of Petitioner's innocence by Ms. Greer and Anderson could have been used at trial to impeach Anderson's testimony, and may have had a different outcome on the verdict.

Petitioner's Reply Memorandum, Docket No. 20, at 3.

As noted above, the Minnesota Court of Appeals addressed this claim on the merits, and the Minnesota Supreme Court denied further review. Accordingly, it appears that the Petitioner has exhausted his State Court remedies as to that claim.

However, with respect to his appellate counsel, the Petitioner now alleges as follows:

> The failure to make timely objections, and raise legal issues on direct appeal relied on * * * appellate counsel. The fact that appellate counsel raised the legal issue of the lack of court instructions for the first time upon remand by the [Minnesota] Supreme Court, but failure to do so on direct

> appeal and on further review to the [Minnesota] Supreme Court, shows * * * ineffective assistance of counsel * * * on the appellate attorney part as well.

Id.

Plainly, the Petitioner seeks to advance ineffective assistance of counsel claims against both his counsel at Trial, and on appeal.

As noted, the Petitioner never sought any post-conviction relief in the State Courts, and accordingly, the State Courts have not been given the opportunity to consider whether the Petitioner's appellate counsel was constitutionally deficient. Nonetheless, there is a State Court remedy that may still be available for the Petitioner's unexhausted claim for ineffective assistance of appellate counsel -- namely, a Motion for post-conviction relief pursuant to Minnesota Statutes Section 590.01. See, Sullivan v. State, 585 N.W.2d 782 (Minn. 1998)(considering a claim of ineffective assistance of appellate counsel within the context of a post-conviction Motion); Black v. State, supra at 86 n. 1 ("[C]onsideration of a claim of ineffective assistance would be appropriate in a petition for postconviction relief."), citing State v. Cermak, 350 N.W.2d 328, 332 n. 5 (Minn. 1984) and State v. Zernechel, 304 N.W.2d 365, 367 (Minn. 1981). Thus, the Petitioner's current ineffective assistance of appellate counsel claim is plainly unexhausted.

Given the preference, under the Anti-Terrorism and Effective Death Penalty Act, Title 28 U.S.C. §2244(b)(2), to consider all of a petitioner's claims by way of a single Habeas Petition, we recommend that the Petitioner's Motion to Amend be granted. However, in view of the fact that the Petitioner seeks to add a claim that is plainly unexhausted, we necessarily recommend that the Amended Petition be summarily dismissed pursuant to Rule 4 of the Governing Rules, but **without** prejudice, so that the Petitioner can return to the State Courts and attempt to exhaust his presently unexhausted claim(s).[1] The Petitioner may return to Federal court -- if necessary -- after the State Courts, including the Minnesota Supreme Court, have reviewed and decided **all** of the claims that he should seek to present in Federal Court. See, Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).

---

[1] If the Petitioner pursues this option, he should bear in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review in the State Courts, including an appeal to the State Supreme Court. See, O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The Petitioner should also be mindful of the one (1) year statute of limitations which is prescribed by Title 28 U.S.C. §2244(d). It appears that the statute of limitations has not yet expired in this case. See, Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999)(holding that State criminal convictions are not final for purposes of the statute of limitations until the deadline for seeking certiorari in the United States Supreme Court has expired). Moreover, the statute of limitations is tolled, pursuant to Title 28 U.S.C. §2244(d)(2), while any post-conviction proceedings are pending in the State Courts. However, we caution the Petitioner that he could face a statute of limitations defense, if he does not act promptly.

Finally, we recognize that a State prisoner who files a mixed Habeas petition can elect to abandon his unexhausted claims, and proceed with an amended Petition that includes only his fully-exhausted claims.[2]  See, Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999)(per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F. Supp.2d 898, 904 (N.D.Iowa

---

[2] Here, the Petitioner did not request that we hold his Amended Petition in abeyance, pending the exhaustion of his State Court remedies.  See, Robbins v. Carey, 481 F.3d 1143, 1147 (9th Cir. 2007)("[A] district court is not required sua sponte to consider whether it should stay and abey a mixed habeas petition."), citing Pliler v. Ford, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Nonetheless, we find that a stay would be inappropriate in these circumstances, since the statute of limitations has not yet expired.  See, Rhines v. Weber, 544 U.S. 269, 275-277 (2005)("[S]tay and abeyance should be available only in limited circumstances," where "AEDPA's 1-year statute of limitations would have barred [the petitioner] from returning to federal court after exhausting the previously unexhausted claims in state court," and where the petitioner shows "good cause for [his] failure to exhaust his claims first in state court."); see also, Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008)("When the state court of last resort enters a judgment in a direct criminal appeal and the petitioner does not seek a writ of certiorari, the judgment is final at the conclusion of the ninety days allowed by the Supreme Court for the filing of such a writ.").

Accordingly, if the Petitioner timely pursues a post-conviction Motion, he will not be time-barred from filing a new Habeas Petition in Federal Court, if he so chooses.  See, Boston v. Weber, supra at 624 ("The AEDPA statute of limitations is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending * * * .'"), citing Title 28 U.S.C. §2244(d)(2).

1999). If the Petitioner intends to exercise that option here, he should file an Amended Petition that includes **only** fully-exhausted claims, and he should do so before the deadline for filing objections to this Report and Recommendation.[3] If the Petitioner does not file such an Amended Petition before that deadline, we recommend that he be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice. The Petitioner should note that, if he does file an Amended Petition that includes only his fully-exhausted claims, he presumably will be barred from raising any other claims -- such as his claim for ineffective assistance of appellate counsel -- in any future, or successive Federal Habeas Petitions. See, Title 28 U.S.C. §2244(b)(2).

    NOW, THEREFORE, It is --

---

[3] If the Petitioner chooses to amend his Petition, in order to assert only fully exhausted claims, including his claim for ineffective assistance of Trial counsel, we will issue a new briefing schedule, in order to provide the parties an opportunity to address this additional claim.

RECOMMENDED:

1.      That the Petitioner's Motion to Amend his Petition for a Writ of Habeas Corpus [Docket No. 19] be granted.

2.      That the Petitioner's Amended Petition for a Writ of Habeas Corpus be dismissed, but without prejudice.

Dated:  September 11, 2008             *s/Raymond L. Erickson*
                                                               Raymond L. Erickson
                                                               CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 26, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 26, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.